IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-00339-PAB-KMT

REBECCA E. BULLOCK,

      Plaintiff / Counterclaim Defendant,

v.

JOHN D. WAYNE,

      Defendant / Counterclaim Plaintiff,

BASIN SURVEYING, INC.,

      Defendant.

_____

**ORDER**
_____

      This case arises out a motor vehicle accident that occurred between Rebecca Bullock and John Wayne in southwestern Colorado.  Ms. Bullock and Mr. Wayne each assert that the other was negligent and therefore liable for damages incurred as a result of the accident.  The matter is currently before the Court on defendants Mr. Wayne and Basin Survey's motion for partial summary judgment [Docket No. 39].  Jurisdiction of the Court is diversity-based and is proper pursuant to 28 U.S.C. § 1332.  For the reasons stated herein, defendants' motion for partial summary judgment is denied.

## I.  BACKGROUND

### A.  <u>Underlying Facts</u>

The following facts are not in dispute.  On February 11, 2007, Mr. Wayne was
driving eastbound on Colorado Highway 184 in Montezuma County, Colorado.[1]  At the
same time, Ms. Bullock was driving northbound on County Road 35.9.  Ms. Bullock
stopped at or near a stop sign where the two roads intersect.  Mr. Wayne's vehicle
collided with Ms. Bullock's vehicle.  Both drivers sustained injuries.

A police officer responding to the accident issued a citation charging Ms. Bullock
with careless driving causing bodily injury in violation of § 42-4-1402 of the Colorado
Revised Statutes.  On January 31, 2008 Ms. Bullock stood trial in County Court for
Montezuma County, Colorado on that charge as well as on a subsequently added
charge of failure to yield right of way at a stop sign in violation of § 42-4-703(3) of the
Colorado Revised Statutes.  The jury acquitted Ms. Bullock of the careless driving
charge and convicted her of the failure to yield charge.

### B.  <u>Procedural Background</u>

Ms. Bullock filed a complaint asserting a negligence claim against Mr. Wayne
and his employer Basin Surveying, Inc. in the District Court for the County of
Montezuma, Colorado.  *See* Notice of Removal [Docket No. 1], ex. 2 (Compl.).  On
February 19, 2008, the defendants removed the case to this Court pursuant to 28
U.S.C. §§ 1441 and 1446.  On February 25, 2008, Mr. Wayne filed a counterclaim

---

[1] Mr, Wayne's assertion that the accident occurred on February 12, 2007, *see*
Def. and Countercl. Pl. Wayne's Mot. for Partial Sum. J. Re: Bullock's Negligence
[Docket No. 39], Statement of Undisputed Facts ¶ 1, appears to be a typographical
error.  *See* Final Pretrial Order [Docket No. 75] at 3.

against Ms. Bullock asserting claims of negligence and negligence per se. *See* Countercl. [Docket No. 7].

On November 26, 2008, defendants Wayne and Basin Surveying filed a motion for partial summary judgment on the question of Ms. Bullock's alleged negligence. *See* Def. and Countercl. Pl. Wayne's Mot. for Partial Sum. J. Re: Bullock's Negligence [Docket No. 39] ("Defs.' Mot. for Sum. J."). Ms. Bullock responded to defendants' motion for partial summary judgment [Docket Nos. 45, 46], and defendants replied [Docket Nos. 47, 48]. The matter is fully briefed and ripe for review.

The issue before the Court is whether defendants can use Ms. Bullock's state traffic law conviction to prove that she was negligent per se. Defendants contend that not only can the conviction be used as proof, but that it has preclusive effect in this case regarding whether Ms. Bullock in fact violated a statute. This, defendants argue, requires that the negligence per se question be kept from the jury and instead be decided as a matter of law. Ms. Bullock responds that § 42-4-1713 of the Colorado Revised Statutes bars evidence of her conviction from being admitted in this case.

## II.  ANALYSIS

### A.  <u>Summary Judgment</u>

Federal Rule of Civil Procedure 56(c) instructs that a court should grant summary judgment where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986); *Concrete Works, Inc. v.*

*City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994). The moving party bears the initial burden of showing the absence of a genuine dispute concerning a material fact in the case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works*, 36 F.3d at 1518 (citing *Celotex*, 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see* Fed. R. Civ. P. 56(e).

Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & County of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005). A disputed fact is "material" if under the relevant substantive law it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997) (citing *Anderson*, 477 U.S. at 248).

A court may not consider all proffered evidence when ruling on a summary judgment motion; only admissible evidence may enter the analysis. *See World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985). Courts are to view the permissible evidence, making reasonable inferences therefrom in the light most favorable to the nonmoving party. *Carolina Cas. Ins. Co. v. Yeates*, 533 F.3d 1202, 1204 (10th Cir. 2008) (citing *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998)).

4

### B. <u>Negligence Per Se</u>

The substantive claim at issue in defendants' motion for partial summary judgment – negligence – is a state law claim.   This Court, sitting in diversity-based jurisdiction, applies the law of the forum state.  *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)*; Essex Ins. Co. v. Vincent*, 52 F.3d 894, 896 (10th Cir. 1995).   In Colorado, the four elements of a standard negligence claim are: (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty; (4) injury to the plaintiff, and (4) a proximate cause relationship between the breach and the injury.  *Casebolt v. Cowan*, 829 P.2d 352, 356 (Colo. 1992).

The common law doctrine of negligence per se allows an alternative route to establishing the first two elements of a negligence claim.  A statute may create a duty that one person owes another, and violation of such statute may constitute a breach of that duty.  *See Scott v. Matlack, Inc.*, 39 P.3d 1160, 1166 (Colo. 2002) ("If the statute applies to the defendant's actions, then the statute conclusively establishes the defendant's standard of care and violation of the statute is a breach of his duty.").   In order for a party to prevail on a negligence per se claim, the party must show: (1) that his opponent violated a statute adopted for the public's safety; (2) that the party was injured; and (3) that the violation of the statute proximately caused the injury suffered.

The first requirement for a negligence per se claim –  that the claimant's opponent violated a statute adopted for the public's safety – is the focus of defendants' present motion for partial summary judgment.  Imbedded in that requirement are two considerations: whether the statute was adopted for the public's safety and thus may

5

serve as the basis for a finding of negligence per se and whether that statute was

violated.  Turning to the first consideration, I note that not all statutes may serve as the

basis for a negligence per se claim.  "Before the statutory standard is used to prove

negligence, the plaintiff must show that he is a member of the class the statute was

intended to protect, and that the injuries he suffered were of the kind the statute was

enacted to prevent."  *Largo Corp. v. Crespin*, 727 P.2d 1098, 1108 (Colo. 1986).

Colorado courts have held that "violation of a traffic ordinance constitutes

negligence per se."  *Kelley v. Holmes*, 470 P.2d 590, 591 (Colo. App. 1970) (citing

*Lambotte v. Payton*, 363 P.2d 167 (Colo. 1961)).  Traffic ordinances generally are

statutes adopted for the public's safety.  They are intended to protect against injuries

from automobile collisions; fellow drivers are among those persons the statutes are

intended to protect.  Therefore, violation of a traffic statute may serve as the basis of a

negligence per se determination.

The traffic statute at issue in the present case – § 42-4-703(3) of the Colorado

Revised Statutes – is no exception.  It states

> Except when directed to proceed by a police officer, every driver of a
> vehicle approaching a stop sign shall stop at a clearly marked stop line,
> but if none, before entering the crosswalk on the near side of the
> intersection, or if none, then at the point nearest the intersecting roadway
> where the driver has a view of approaching traffic on the intersecting
> roadway before entering it. After having stopped, the driver shall yield the
> right-of-way to any vehicle in the intersection or approaching on another
> roadway so closely as to constitute an immediate hazard during the time
> when such driver is moving across or within the intersection or junction of
> roadways.

Colo. Rev. Stat. Ann. § 42-4-703(3) (West 2009).  In the context of a negligence per se

analysis, "[t]raffic ordinances are to be given a reasonable construction."  *Crosby v.*

*Canino*, 268 P. 1021, 1023 (Colo. 1928).  I conclude that § 42-4-703(3), reasonably

interpreted, was adopted for the public's safety and may be used as a basis for

asserting negligence per se in this case.  In other words, the statute was intended to

protect against the type of injuries suffered in motor vehicle collisions, and Mr. Wayne,

as a driver on a public road, is a member of the group of persons the statute was

intended to protect.  Therefore, § 42-4-703(3) may be the basis for a party such as Ms.

Bullock to be held negligent per se.

### C.  Collateral Estoppel

Defendants ask the Court to determine that, as a matter of law, Ms. Bullock

violated § 42-4-703(3) of the Colorado Revised Statutes.  They argue that they are

entitled to that ruling under the doctrine of issue preclusion or, as it is also called,

collateral estoppel.

Generally, "[t]he Full Faith and Credit Act, 28 U.S.C. § 1738, requires a federal

court to give the same preclusive effect to a state-court judgment that the judgment

would be given in the courts of the state in which the judgment was rendered."  *Jiron v.

City of Lakewood*, 392 F.3d 410, 415-16 (10th Cir. 2004).  As a consequence, federal

courts apply state issue preclusion rules.  *See id.* at 416; *Dixon v. Richer*, 922 F.2d

1456, 1459 (10th Cir. 1991).  Colorado law bars relitigation of an issue if (1) the issue

sought to be precluded is identical to an issue "actually determined" in the prior

proceeding; (2) the party against whom estoppel is asserted was a party to or in privity

with a party to the prior proceeding; (3) there was a final judgment on the merits in the

prior proceeding; and (4) the party against whom the doctrine is asserted had a full and

fair opportunity to litigate the issues in the prior proceeding.  *Jiron*, 392 F.3d at 416

(citing *Sunny Acres Villa, Inc. v. Cooper*, 25 P.3d 44, 47 (Colo. 2001)).

Ms. Bullock argues that Colorado law precludes admission of evidence of her

conviction in this case for any reason, including issue preclusion purposes.  Section 42-

4-1713 of the Colorado Revised Statutes states:

> Except as provided in sections 42-2-201 to 42-2-208, no record of the
> conviction of any person for any violation of this article shall be admissible
> as evidence in any court in any civil action.[2]

Colo. Rev. Stat. Ann. § 42-4-1713 (West 2009).  The failure to yield statute – § 42-4-

703(3) – is part of Article 4 of Title 42 of the code and, as such, falls within the purview

of § 42-4-1713.

In Colorado state courts, § 42-4-1713 prohibits any mention of convictions for

violating the vehicle and traffic statutes in Article 4.  *See Ripple v. Brack*, 286 P.2d 625,

627 (Colo. 1955) (discussing earlier, nearly identical version of the statute).  Defendants

argue that, because § 42-4-1713 governs the admissibility of evidence, it is

characterized properly as a state procedural rule and therefore is not applicable to a

diversity case in federal court.  *See Hanna v. Plumer*, 380 U.S. 460, 465 (1965)

("[F]ederal courts are to apply state substantive law and federal procedural law."); *cf.*

*Mut. Life Ins. Co. of N.Y. v. Bohlman*, 328 F.2d 289, 293-94 (10th Cir. 1964) ("It seems

to be well settled that questions concerning the admissibility of evidence in a diversity

case are procedural matters to be governed by application of federal law and not

substantive matters which are governed by state law.").  Defendants contend that the

---

[2] Sections 42-2-201 to 42-2-208 address habitual offenders of motor vehicle
laws.  These sections are not relevant to the present case.

Federal Rules of Evidence govern, which allegedly would not exclude evidence of Ms.

Bullock's traffic law conviction.  Thus, given the admissibility of Ms. Bullock's traffic law

conviction, defendants argue that the doctrine of issue preclusion would establish Ms.

Bullock's negligence per se for violating a statute adopted for the public's safety,

thereby entitling them to judgment as a matter of law on the question of Ms. Bullock's

negligence.[3]

### D.  Whether Colo. Rev. Stat. § 42-4-1713 is Substantive or Procedural

"[W]here a conflict exists between the Federal Rules of Evidence and state law,

[courts] apply the Federal Rules unless the state law reflects substantive concerns or

policies."  *See Sims v. Great American Life Insurance Co.*, 469 F.3d 870, 880 (10th Cir.

2006).  Therefore, although the procedural/substantive distinction is still important, the

characterization of a state law as either substantive or procedural must consider more

than whether it impacts the admissibility of evidence.  *See id.* at 881-82.

The general command regarding the admissibility of evidence under the Federal

Rules of Evidence resides in Rule 402: "All relevant evidence is admissible, except as

otherwise provided by the Constitution of the United States, by Act of Congress, by

these rules, or by other rules prescribed by the Supreme Court pursuant to statutory

authority. Evidence which is not relevant is not admissible."  Fed. R. Evid. 402.

"Relevant evidence" is "evidence having any tendency to make the existence of any fact

---

[3] Defendants acknowledge that summary judgment regarding Ms. Bullock's negligence would not conclude this case.  For example, determinations regarding causation, Mr. Wayne's negligence, partitioning of liability between Ms. Bullock and Mr. Wayne, and the amount of damages still need to be made.

that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.

The analysis of "relevance" under Rule 401 requires a court to undertake two inquiries.  The first is a procedural question which derives from Rule 401's identification of "evidence having any tendency to make the existence of any fact . . . more probable or less probable than it would be without the evidence."  This inquiry focuses on "whether the evidence is probative or factually relevant to the proposition asserted." *Sims*, 469 F.3d at 881.  The second inquiry is tied to the language of Rule 401 requiring evidence be "of consequence to the determination of the action," and asks the substantive question of whether the proposition for which the evidence is offered is properly provable in the case.  *Id.*  Under the second – i.e. substantive – inquiry, "[w]here a state law excludes certain evidence in order to effect substantive policy considerations, Rule 401 acts to exclude the evidence since the proposition for which the evidence is submitted is not properly provable and, therefore, irrelevant to the claim."  *Id.*

Thus we return to where we began: the pivotal question of whether the state law in question is substantive or procedural in nature.  Acknowledging that the distinction is not always clear, the *Sims* court suggested that

> we can distinguish a substantive rule from a procedural rule by examining the language and the policy of the rule in question.  If these inquiries point to achieving fair, accurate, and efficient resolutions of disputes, the rule is procedural.  If, however, the primary objective is directed to influencing conduct through legal incentives, the rule is substantive.

*Id.* at 883.  In determining if a state statute qualifies as substantive, the first question is "whether, under Rule 401, the evidence offered is 'of consequence' to the action,"

which "necessarily requires [a court] to consider if the state law excluding this evidence reflects substantive policy considerations." *Id.*

The application of § 42-4-1713 of the Colorado Revised Statutes in a diversity case in federal court appears to be a question of first impression.[4]  As discussed above, the first task is to determine whether the statute, which excludes evidence of a conviction of certain traffic infractions, is procedural or substantive in nature.

The *Sims* case is instructive in this task.  It involved an Oklahoma statute which mandated the use of seatbelts, yet excluded evidence regarding that use or non-use from civil suits in the state. *Sims*, 469 F.3d at 883-84 (citing Okla. Stat. tit. 47, § 12-420).  The *Sims* court looked to Oklahoma law for a determination of whether the law was procedural or substantive. *Id.* at 884.  However, with no cases directly on point, the court surveyed more general statements about the purposes of the law and concluded that "[w]hile not completely clear, the language in [the case law] suggests that § 12-420 reflects substantive state policy to the extent that drivers and passengers, while required by law to wear their seat belts, should not be penalized, through connotations of fault, beyond a small statutory fine." *Id.* at 884-85.  The Oklahoma statute did not have the trappings of a procedural rule – it was "not concerned with how seat-belt evidence might affect the accurate resolution of litigated disputes . . . [or] with the efficient resolution of disputes." *Id.* at 885.  Rather, the court concluded, "the rule

---

[4] The only case in this district or circuit to address the applicability of § 42-4-1713 did so in the context of federal question jurisdiction and a Federal Tort Claims Act claim. *See McCormick v. United States*, 539 F. Supp. 1179, 1181-82 (D. Colo. 1982), *overruled on other grounds by Jiron v. City of Lakewood*, 392 F.3d 410, 415-16 (10th Cir. 2004).  Because *McCormick* did not involve a state law claim or diversity jurisdiction it is distinguishable from the present case.

11

was designed to protect drivers from being blamed in a court of law for failure to wear a seat belt." *Id.*

There are no cases in Colorado discussing the broader purposes of § 42-4-1713, other than two cases that note the almost tautological conclusion that the intent behind the statute was to keep evidence of convictions of traffic infractions out of subsequent civil cases. *See Ripple v. Brack*, 286 P.2d 625, 627 (Colo. 1955); *Lawrence v. Taylor*, 8 P.3d 607, 610 (Colo. App. 2000).

Courts in other states, however, have interpreted the legislative intent behind similar statutes and their reasoning is instructive. *See*, *e.g.*, *Elliott v. A.J. Smith Contracting Co.*, 100 N.W.2d 257, 261-62 (Mich. 1960); *Warren v. Marsh*, 11 N.W.2d 528, 531 (Minn. 1943). In *Warren*, the Minnesota Supreme Court stated that "[i]t is a matter of common knowledge, and was so at the time of the enactment of the statute in question, that often citizens will plead guilty to minor offenses under the traffic act rather than suffer loss of valuable time and the expense of a trial." *Warren*, 11 N.W.2d at 531. The Minnesota Supreme Court also observed that

> the legislature apparently concluded that a plea of guilty should not prejudice one in any way in any civil proceeding, even one involving the same facts out of which the violation of the traffic act arose. Moreover, distinctly different issues arise in the civil case. The issues of negligence, contributory negligence, and the proximate relation of the violation of the statute to the accident are not involved in the criminal proceeding, whereas they are important issues in the civil case.

*Warren*, 11 N.W.2d at 531.

The Colorado Supreme Court has cited *Warren* with approval. *See Ripple*, 286 P.2d at 627. The *Ripple* opinion asserted that "the intent and purpose of such a statute

is too obvious to require discussion," then went on to endorse *Warren*'s language regarding the statute's application to the admissibility of guilty pleas rather than just post-trial convictions.  *Id.*  ("We are at a loss to find a more appropriate expression of our determination of the question here presented . . . .").  In light of the Colorado Supreme Court's endorsement of *Warren* and its brief discussion of the intent and purpose behind the Colorado statute, it is likely that the court in *Ripple* similarly approved of *Warren*'s broader language regarding the purposes of such statutes.

As *Warren* noted, traffic infractions tend to be minor in nature, informally adjudicated, and often uncontested.  The Colorado legislature presumably did not want these relatively small infractions to have grave consequences in civil actions where significantly more could be at stake.[5]  Section 42-4-1713 also ameliorates docket congestion in traffic courts; were traffic convictions to carry with them the threat of res judicata, the incentive to fight a traffic ticket would grow dramatically and, along with it, the caseload of traffic courts.  *See Thurmond v. Monroe*, 636 N.E.2d 544, 548 (Ill. 1994) (declining to give preclusive effect to traffic court conviction, noting that "applying collateral estoppel would make traffic court an integral part of a civil action and might have a substantial impact on traffic court proceedings").

Therefore, I find that section § 42-4-1713 of the Colorado Revised Statutes, much like the statute in *Sims*, was not concerned with how evidence of traffic convictions might affect the accurate resolution of litigated disputes or with the efficient

---

[5] Defendants' argument that Ms. Bullock underwent a full adjudication of her traffic citations does not alter the analysis.  The legislature, presumably aware of the potential for more substantial process under its traffic code, elected not to make this distinction.

resolution of disputes.  Rather, § 42-4-1713 was designed to protect drivers from the preclusive effect that evidence of a traffic conviction may have in subsequent civil litigation.  As a result, § 42-4-1713 is a substantive rule which is applicable in diversity cases in federal court.

In the present case, § 42-4-1713 prevents the admission of evidence of Ms. Bullock's conviction for failure to yield in violation of § 42-4-703(3).  Contrary to defendants' position, that evidence may not be introduced at trial or during summary judgment.[6]  Furthermore, unlike the plaintiff in *Sims*, Ms. Bullock is not attempting to use the statute in a way that was unintended under state law.  *See Sims*, 469 F.3d at 886 (determining that restriction on the use of seatbelt evidence did not apply outside of negligence cases).  If the present case remained in a Colorado state court, that court would apply § 42-4-1713.  *See Ripple*, 286 P.2d 625 (applying equivalent statute in negligence case regarding a motor vehicle collision).  Therefore, defendants may not offer in this case evidence of Ms. Bullock's traffic law conviction.

This result is buttressed by the fact that defendants attempt to circumvent § 42-4-1713 for preclusion purposes.  While defendants argue that § 42-4-1713(3) should not allow Ms. Bullock to relitigate whether she violated § 42-4-703, if this case remained in state court, that is precisely what would happen.  Therefore, if this Court were to find

---

[6] Defendants argue that under § 42-4-1713, the Court may consider evidence of the conviction during the summary judgment stage of the case even if that evidence cannot be introduced at trial.  This argument fails for two reasons.  First, in the summary judgment analysis, the Court may only consider evidence that is admissible. *See World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985).  Second, § 42-4-1713 does not make such a distinction, prohibiting instead the admission of evidence of a conviction of a traffic infraction "as evidence in any court in any civil action."  Colo. Rev. Stat. § 42-4-1713 (West 2009).

that § 42-4-1713 did not apply and allowed issue preclusion to determine the question of a statutory violation, the Court, in attempting to give full faith and credit to a state court decision, would be ignoring the state's own preclusion rules.

## III.  CONCLUSION

For the reasons stated above, § 42-4-1713 of the Colorado Revised Statutes is a substantive rule and, as such, is applicable in the present case.  Therefore, evidence of Ms. Bullock's conviction of the failure to yield charge is not admissible and may not serve as the basis for issue preclusion on the question of Ms. Bullock's violation of a statute.  As a result, defendants are not entitled to summary judgment on the issue of Ms. Bullock's negligence under the doctrine of negligence per se.

Therefore, it is **ORDERED** that defendants' motion for partial summary judgment [Docket No. 39] is DENIED.

DATED April 16, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

15