IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-00339-PAB-KMT

REBECCA E. BULLOCK,

    Plaintiff,

v.

JOHN D. WAYNE and BASIN SURVEYING, INC.,

    Defendants.
_____

**ORDER**
_____

    This matter comes before the Court on Defendants' Motion for Actual Costs [Docket No. 129]. Plaintiff has filed a response [Docket No. 131].

    This matter was tried to a jury on May 18 to 21, 2009. Jurisdiction is based on diversity of citizenship. Plaintiff claimed that she was injured in an automobile accident caused by the defendants' negligence. On May 21, 2009, the jury returned a verdict in favor of defendants and against plaintiff. Judgment entered on July 30, 2009 [Docket No. 139]. The Clerk of the Court awarded defendants statutory costs in the amount of $10,348.49 pursuant to Fed. R. Civ. P. 54 and 28 U.S.C. §§ 1821 and 1920. That award is not at issue here. Through the present motion, defendants seek an award of costs that defendants incurred after August 20, 2008, the date defendants made an offer of judgment to plaintiff in the amount of $250, inclusive of interest, plus costs incurred to that point. A copy of the offer of judgment is attached as Exhibit A of defendants' motion. Plaintiff rejected this offer. The costs that defendants seek consist

of $28,662.18 for fees and expenses incurred by their accident investigation expert, $23.63 in telephone charges, and $7.00 for courier charges. The accident investigation expert was not court-appointed.

Defendants acknowledge that the costs they seek are not reimbursable under 28 U.S.C. §§ 1821 and 1920. Instead, they seek recovery of such costs pursuant to Colorado Revised Statute § 13-17-202, a state cost shifting statute which defendants argue should apply in this diversity action. Section 13-17-202, in pertinent part, states as follows:

> (1)(a) Notwithstanding any other statute to the contrary, in any civil action of any nature commenced or appealed in any court of record in this state:
>
> * * *
> (II) If the defendant serves an offer of settlement in writing at any time more than fourteen days before the commencement of the trial that is rejected by the plaintiff, and the plaintiff does not recover a final judgment in excess of the amount offered, then the defendant shall be awarded actual costs accruing after the offer of settlement to be paid by the plaintiff. However, as provided in section 13-16-104, if the plaintiff is the prevailing party in the action, the plaintiff's final judgment shall include the amount of the plaintiff's actual costs that accrued prior to the offer of settlement.
>
> * * *
> (b) For purposes of this section, "actual costs" shall not include attorney fees but shall mean costs actually paid or owed by the party, or his or her attorneys or agents, in connection with the case, including but not limited to filing fees, subpoena fees, reasonable expert witness fees, copying costs, court reporter fees, reasonable investigative expenses and fees, reasonable travel expenses, exhibit or visual aid preparation or presentation expenses, legal research expenses, and all other similar fees and expenses.

Thus, if the Court determines that it is proper to apply Colo. Rev. Stat. § 13-17-202, defendants would be entitled to the costs they seek, including the expert witness fees.

Defendants argue that the Court should apply Colo. Rev. Stat. § 13-17-202 in this case because the Tenth Circuit in *Garcia v. Wal-Mart Stores, Inc.*, 209 F.3d 1170

(10th Cir. 2000), recognized its applicability to diversity actions in federal court. In *Garcia*, plaintiff prevailed at trial in a personal injury suit based on diversity jurisdiction and then sought $18,952.50 in unspecified "actual costs" over and above the $2,236.90 in statutory costs she was awarded. The district court denied her request, and plaintiff appealed. The Tenth Circuit in *Garcia* applied the rule in *Trierweiler v. Croxton & Trench Holding Corp.* to determine whether to apply a state civil procedure rule in a diversity case. That rule states that "where a federal rule of procedure is directly on point, that rule applies. Otherwise, in the 'typical, relatively unguided *Erie* choice,' courts are to heed the outcome-determination approach while also relying on the policies underlying the *Erie* rule: 'discouragement of forum-shopping and avoidance of inequitable administration of the laws.'" *Trierweiler,* 90 F.3d 1523, 1539 (10th Cir. 1996) (quoting *Hanna v. Plumer*, 380 U.S. 460, 467-68 (1965)). The court in *Garcia* found that neither Fed. R. Civ. P. 68, which only pertains to defendants' costs incurred after a rejected offer, nor Fed. R. Civ. P. 54(d), pertaining to costs generally, was directly on point and therefore neither rule was inconsistent with an award of actual costs under Colo. Rev. Stat. § 13-17-202. The court noted that, if a federal court did not apply Colo. Rev. Stat. § 13-17-202 in situations where there was no conflict with federal costs rules, the difference in availability for such costs in state actions versus federal diversity actions could lead to forum-shopping and could foster "inequitable administration of the laws." 209 F.3d at 1177-78 (quoting *Hanna*, 380 U.S. at 467-68). The court held that plaintiff's actual costs "must be awarded by the district court pursuant to Colorado law to the extent they constitute 'costs other than attorneys' fees'

3

under Fed. R. Civ. P. 54(d)(1) and are not preempted by a federal statute such as 28 U.S.C. § 1821, and to the extent, if at all, they constitute 'related non-taxable expenses' under Fed. R. Civ. P. 54(d)(2)." 209 F.3d at 1178-79.

Applying *Garcia* to these facts, the first question is whether the costs sought by defendants are "preempted by a federal statute such as 28 U.S.C. § 1821." *Id.* at 1179. Section 1821, in conjunction with Fed. R. Civ. P. 54 and 28 U.S.C. § 1920, covers an award of expert witness fees as costs. As noted by the Supreme Court in *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987), "in §§ 1920 and 1821, Congress comprehensively addressed the taxation of fees for litigants' witnesses. . . . We think that the inescapable effect of these sections in combination is that a federal court may tax expert witness fees in excess of the $30-per-day limit set out in § 1821 only when the witness is court-appointed." Commenting on the effect of state cost shifting statutes in light of *Crawford*, the court in *Garcia* stated that "'Congress comprehensively addressed the taxation of fees for litigants' witnesses,' effectively preempting state law on such fees." 209 F.3d at 1177 n.5 (quoting *Crawford*, 482 U.S. at 442). *See Grabau v. Target Corp.*, No. 06-cv-01308, 2009 WL 723340 (D. Colo. Mar. 18, 2009) ("*Garcia* does not change the basic law of *Crawford Fitting Co.* that Congress preempted state statutes by limiting expert witness fees to the amounts recoverable under 28 U.S.C. §§ 1821 & 1920."); *see also Chaparral Res., Inc. v. Monsanto Co.*, 849 F.2d 1286, 1292 (10th Cir. 1988) ("Because federal procedural law governs the taxation of costs, any discretion afforded the trial court would arise under federal law, namely Fed. R. Civ. P. 54(d), and not under state law."). Thus, Fed. R. Civ.

P. 54 and 28 U.S.C. §§ 1821 and 1920 effectively preempt a claim for actual costs in the form of expert witness fees under Colo. Rev. Stat. § 13-17-202. As a result, defendants' motion for actual costs for their accident investigation expert is denied.

The question that remains is whether to award defendants $30.63 in telephone and courier service costs. That question is answered by the verdict in this case. Because the jury found in favor of the defendant on plaintiff's negligence claim, plaintiff recovered nothing. Had plaintiff recovered any amount up to but not exceeding $250 (the amount of defendants' offer of judgment), plaintiff would have had to pay the defendants' post-offer costs under Rule 68 of the Federal Rules of Civil Procedure. Rule 68 allows a defendant to make an offer of judgment to plaintiff before trial and, "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d). Rule 68 does not apply, however, when a plaintiff recovers nothing. In *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 351-352 (1981), the Supreme Court interpreted Rule 68 to apply "only to offers made by the defendant and only to judgments obtained by the plaintiff." In the situation where defendant prevails and plaintiff recovers nothing, the Court found Rule 68 "simply inapplicable."[1] Although some courts have criticized

---

[1] In response to the argument that construing Rule 68 not to apply when defendants prevail at trial would create a situation where defendants are worse off by winning than if they lost the case up to the amount of their offer, the Court in *Delta Air Lines* stated that such would be the situation in only a small number of cases and was "not a sufficient reason to disregard the plain language of the Rule, or to question its efficacy in motivating realistic settlement proposals in cases in which the defendant recognizes a significant risk that the plaintiff will obtain a judgment." 450 U.S. at 353 n.12. The Court went on to state that "the effect of [the Court's] literal interpretation of Rule 68 is to attach no practical consequences to a sham or token offer by the defendant. Since there is no reason to encourage such token offers, the Rule quite

5

this interpretation of Rule 68, the Tenth Circuit in *Fry v. Board of County Commissioners* noted that "its holding remains the law." 7 F.3d 939, 944 n. 21 (10th Cir. 1993).

As a result, under Fed. R. Civ. P. 68, defendants are not entitled to actual costs they incurred after making their offer of judgment. But defendants do not cite Rule 68 as the basis for their request. As previously stated, they seek to recover their post-offer costs under Colo. Rev. Stat. § 13-17-202. Colorado courts interpreting § 13-17-202 have awarded costs in cases where a defendant made an offer of judgment and the plaintiff recovered nothing at trial. *See Clayton v. Snow*, 131 P.3d 1202 (Colo. App. 2006). What this means is that Section 13-17-202 and Rule 68 conflict with one another. Under the *Trierweiler-Hanna* analysis used in *Garcia* to analyze the effect of Section 13-17-202, Rule 68 is "directly on point," 209 F.3d at 1176, when the issue is an award of actual costs over and above costs awarded pursuant to 28 U.S.C. § 1821 in situations where a defendant makes an offer of judgment and plaintiff recovers nothing at trial. As a result, defendants may not be awarded their additional actual costs. Wherefore, it is

ORDERED that Defendants' Motion for Actual Costs [Docket No. 129] is denied.

---

sensibly leaves the parties in the same position after such an offer as they would have been in if no such offer had been made." *Id.*

DATED March 29, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge